**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BRAD PATTERSON, on behalf of himself and others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>IMERGE LLC<br><br>　　　　　　　　Defendant. | Civil Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1.　　Brad Patterson ("Plaintiff") brings this class action against Imerge LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　　Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3.　　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4.　　More specifically, upon information and good faith belief, Defendant routinely uses

an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

7. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

8. Plaintiff is a natural person who at all relevant times resided in Bloomington, Indiana.

9. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a California limited liability company.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

12. Plaintiff is, and has been for the relevant time period, the regular user to his cellular telephone number—(812) XXX-9680.

13. On September 3, 2024, Defendant placed a call to the Plaintiff's telephone number (812) XXX-9680.

14. Defendant used an artificial or prerecorded voice in connection with the call it placed to telephone number (812) XXX-9680.

15. On other occasions, Plaintiff answered phone calls from Defendant and was greeted with an artificial message.

16. The subject prerecorded voice message is generic—*i.e.*, the messages sound robotic and contain no pauses or breaks in speech as is common in a normal live speech pattern.

17. The message asked if the call recipient had over $10,000 in debt.

18. After the recorded message, the Plaintiff spoke with Keith, who identified himself as an employee of the Defendant.

19. The Plaintiff provided the website for the Defendant.

20. The Plaintiff offered the Defendant's services of consolidating debt.

21. The Plaintiff was not interested in such services and ended the call.

22. Given the generic nature of the messages and the content of the messages, the messages Defendant delivered to telephone number (812) XXX-9680 were prerecorded in nature.

23. Defendant's records will identify each call it placed to telephone number (812) XXX-9680.

24. Defendant's records will identify each artificial or prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number (812) XXX-9680.

25. Plaintiff is not, nor was, a customer of Defendant, nor does Plaintiff have an account with Defendant.

26. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (812) XXX-9680.

27. Defendant placed the subject calls to telephone number telephone number (812) XXX-9680 voluntarily.

28. Defendant placed the subject calls to telephone number (812) XXX-9680 under its own free will.

29. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number (812) XXX-9680

30. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

31. Plaintiff found the artificial or prerecorded voice message and Defendant's calls to be irritating and invasive.

32. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of of the following class:

> *Class*: All persons throughout the United States (1) to whom Defendant, or a third party acting on their behalf, placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to an Defendant customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

34. Excluded from the class are Defendant, Defendant's officers and directors,

4

members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

36. The exact number of the members of the class are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the class are ascertainable because they are defined by reference to objective criteria.

38. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

39. Plaintiff's claims are typical of the claims of the members of the class.

40. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

41. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

42. Plaintiff's claims are based on the same theories as the claims of the members of the class.

43. Plaintiff suffered the same injuries as the members of the class.

44. Plaintiff will fairly and adequately protect the interests of the members of the class.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

46. Plaintiff will vigorously pursue the claims of the members of the class.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

50. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

51. Issues of law and fact common to all members of the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendant's use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

57. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

59. There will be little difficulty in the management of this action as a class action.

60. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation contained herein.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

63. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the

class, without consent, and in that it continued to attempt to deliver prerecorded messages to Plaintiff's cellular telephone number even after he told Defendant it was calling the wrong number.

64. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 20, 2024

*/s/ Anthony Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*